## Case No. 10,348.

### In re NORTON.

[6 N. B. R. (1873) 297.] [1]

District Court, N. D. New York.

BANKRUPTCY — FIRST MEETING OF CREDITORS — OPPOSITION TO APPOINTMENT OF ASSIGNEE.

There can be only one first meeting of creditors, and all adjournments are but continuance of the same, and if there appear any opposition or opposing interest to the appointment of a particular assignee, at any stage of the meeting, such opposition is to be considered as continuing until the termination of such first meeting, whether upon the day first appointed, or any other day to which such meeting might be continued, unless it affirmatively appeared that such opposition was withdrawn. In such cases it is the duty of the register to report the facts and return the matter for the action of the court.

Proceedings in bankruptcy case [In re C. H. Norton] referred to Register Comstock, of Utica. Notice of the first meeting being duly served, on the return day, the register being absent, the meeting was adjourned. On adjourned day the petitioning creditor appeared by attorney, and a number of other creditors appeared by another attorney. An informal viva voce vote was taken before the register, the attorney for petitioning creditor voting for one assignee, and the other creditors for another; the other creditors expressly opposing the selection of the assignee desired by the petitioning creditor. On application of petitioning creditor the meeting was adjourned by the register. At the adjourned session, by reason of telegrams of the attorney of petitioning creditor, the attorney for other creditors was not present, and they were not represented, when the petitioning creditor, voting viva voce for the assignee which the other creditors had before opposed, the register made a report that at such meeting, there appearing no opposing interest, he had appointed the person so voted for as assignee. Such report being received in the usual manner, was approved by the court. Motion made to set the appointment aside by the opposing creditors. Held:

HALL, District Judge. That there was no legal vote of the creditors for assignee ever had under the bankrupt act [of 1867 (14 Stat. 517)]; that there can be only one first meeting, and all adjournments are but continuance of the same, and there appearing any opposition or opposing interest to an assignee, at any stage of such first meeting, that such opposition is to be considered as continuing until the termination of such first meeting, whether upon the day first appointed, or any other day to which such meeting might be continued, unless it affirmatively appeared that such opposition was withdrawn. On this ground the register could not properly return that there was no opposing interest, and as there was an opposing interest, the register had no author-

ity to make any appointment under the bankrupt law; that in such case as this it was the duty of the register to have reported the facts, and returned the matter for the action of the court; that the appointment made in this case by the register was unauthorised.

Ordered: That the appointment of assignee be vacated, and the court will appoint.

G. W. Adams, for petitioning creditors.
C. D. Prescott, for other creditors.